# IN THE 11th CIRCUIT COURT
# FOR MIAMI DADE COUNTY, FLORIDA

Case No._____

LEONARDO PULIDO,

    Plaintiff,

v.

DAYMA DESIGN, INC.,
SERGIO ZEGEN,
    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, LEONARDO PULIDO ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendants DAYMA DESIGN, INC. and SERGIO ZEGEN ("Defendant"), and states as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs for discriminatory treatment predicated on Plaintiff's national origin and retaliation under the Florida Civil Rights Act, §760.01, *et seq.*, Florida Statutes (hereinafter the "FCRA") and for unpaid overtime and unpaid commissions under the FLSA.

2. The jurisdiction of the Court over this controversy is based upon the FCRA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA.

4. Plaintiff was employed by Defendant, having a place of business in Dade County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Dade County Florida.

6. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01*, et seq. since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and it is subject to the employment discrimination provisions of the applicable statutes.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

9. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff was employed by Defendants from 2017 through April 3, 2020.

12. Plaintiff was discriminated against by Defendant Dayma Design, Inc. through its owner and/or managers based on Plaintiff's Colombian national origin.

13. The owner of Defendant Dayma Design, Inc., Sergio Zegen, is from Argentina and would routinely employ illegal immigrants mainly from Central America and would abuse them economically.  Plaintiff witnessed the owner's tendency to believe that everyone that is not Argentinian is treated as inferior.

14. Plaintiff was discrimination against and not treated the same on non-Colombians.

15. Defendants failed to pay Plaintiff all money owed based on national origin discrimination.

16. Plaintiff heard the owner Defendant Sergio Zegen make derogatory comments about Colombians.

17. Plaintiff complained about illegal discrimination to the owner of the business.

18. Plaintiff was fired shortly after his complaints of discrimination in retaliation for his complaints.

19. Any reason proffered by the Defendant for the adverse employment actions is mere pretext for unlawful discrimination.

20. Plaintiff worked over 40 hours a week without overtime compensation.

21. Defendants owe Plaintiff for unpaid overtime hours.

22. Defendants failed to pay Plaintiff for all commissions earned by Plaintiff.

## COUNT I
*National Origin Discrimination in Violation of the FCRA against only Defendant Dayma Design, Inc.*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this Complaint as if set out in full herein.

24. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national origin -based animosity.

25. Such discrimination was based upon the Plaintiff's national origin.

26. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

27. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

28. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

29. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of wages, rights, exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

30. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

31. The actions of Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitled Plaintiff to damages in the form of compensatory and punitive damages, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

32. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff back wages, front wages, compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

C. Reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

E. Grant Plaintiff the costs of this action, including reasonable attorney's fees;

F. Grant such other and further relief as the Court deems just and proper.

## COUNT II

*Retaliation in Violation of the FCRA against Defendant Dayma Design, Inc.*

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this Complaint as if set out in full herein.

34. Defendant is an employer as that term is used under the applicable statutes referenced above.

35. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him under the FCRA.

36. The foregoing unlawful actions by Defendant were purposeful.

37. Plaintiff engaged in a statutorily protected activity and he was the victim of retaliation thereafter, as related in part above.

38. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the engagement of the statutorily protected activity and the adverse employment action taken thereafter.

39. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

40. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff back wages, front wages, compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate Plaintiff to the same position, benefits, and seniority rights that he held before the retaliatory personnel action, or to an equivalent position;

E. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

F. For a money judgment representing prejudgment interest;

G. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

H. Grant Plaintiff the costs of this action, including reasonable attorney's fees;

I. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

**Count III:  FLSA Violation against Defendant Dayma Design, Inc.**

41. This is an action by the Plaintiff for damages not to exceed $30,000 excluding attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, unpaid commissions, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

42. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b).

43. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County, Florida, and worked for Defendant in Monroe County, FL, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

44. Defendant Dayma Design, Inc. was and is engaged in interstate commerce.

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

46. This action is brought by Plaintiff to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

47. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

48. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

49. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

50. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

51. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

52. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

53. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

54. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III

*Wage & Hour Federal Statutory Violation Against Defendant Sergio Zegen*

55. At the times mentioned, Defendant Sergio Zegen was, and is now, a corporate officer of corporate Defendant, Dayma Design, Inc.
56. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.
57. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.
58. Defendant willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

H. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;
I. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

J. Award Plaintiff an equal amount in double damages/liquidated damages; and

K. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

L. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

M. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

N. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated March 10, 2022				Respectfully submitted,

/s/ Jason Remer
**REMER & GEORGES-PIERRE, PLLC**
Jason S. Remer, Esq.
Florida Bar No. 0165580
jremer@rgpattorneys.com
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

*Attorneys for Plaintiff*

IN THE 11th CIRCUIT COURT
FOR MIAMI DADE COUNTY, FLORIDA

Case No._ 2022-005145-CA-01

LEONARDO PULIDO,

      Plaintiff,

v.

DAYMA DESIGN, INC.
SERGIO ZEGEN,
      Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** **Dayma Design, Inc.** through its Registered Agent:

Sergio D. Zegen
3802 NE 207 Street
Apt. 1504
Aventura, FL 33180

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        JASON S. REMER, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

3/23/2022

CLERK                                                             DATE

/36565
(BY) DEPUTY CLERK

4/27/2022
NT10037
1:23 pm

IN THE 11th CIRCUIT COURT
FOR MIAMI DADE COUNTY, FLORIDA

Case No.___ 2022-005145-CA-01

LEONARDO PULIDO,

       Plaintiff,

v.

DAYMA DESIGN, INC.
SERGIO ZEGEN,
       Defendants.
_____/

**SUMMONS IN A CIVIL CASE**

**TO:**

Sergio D. Zegen
3802 NE 207 Street
Apt. 1504
Aventura, FL 33180

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        JASON S. REMER, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

3/23/2022

CLERK _____ /36565

(BY) DEPUTY CLERK